```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MICHELLE SMITH                              CIVIL ACTION

VERSUS                                      NO: 08-745

JAMES E. BAMBINO, ET AL.                    SECTION: R(5)
```

### ORDER

Before the Court is plaintiff's motion for remand. For the following reasons, the Court GRANTS plaintiff's motion.

### I.   Background

This case arises out of an automobile accident that occurred in Orleans Parish on January 13, 2007. Plaintiff Michelle Smith alleges that when she was traveling eastbound at the intersection of Elysian Fields Avenue and Humanity Street, she was struck by a vehicle driven by defendant James E. Bambino after Bambino ran a red light. Plaintiff sued Bambino, Erie Insurance, and Nationwide Mutual Fire Insurance in state court. On January 25,

2008, defendants removed the action to federal court, alleging diversity jurisdiction. (R. Doc. 1).  At the time of removal, the parties were diverse: plaintiff is domiciled in Louisiana; defendant Bambino is domiciled in Pennsylvania; Erie Insurance Company is a Pennsylvania corporation with its principal place of business in Pennsylvania; and Nationwide is an Ohio corporation with its principal place of business in Ohio.  On June 30, 3008, plaintiff moved to amend her complaint to add Michael Sean Joseph and AIG National Insurance Company, Inc. as defendants. (R. Doc. 21).  The Court granted the motion without consideration of how the amendment affected its subject matter jurisdiction. (R. Doc. 24).  Plaintiff now moves to remand the action to state court.

**II.  Discussion**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno*

*v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

District courts have original jurisdiction over any action between "citizens of different States," provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The courts have long held that there must be complete diversity between the plaintiffs and defendants in order for jurisdiction to lie under this provision; in other words, no plaintiff and no defendant may be citizens of the same state. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir. 1993).

Here, the Court allowed plaintiff to amend her complaint to add Joseph, a non-diverse party. When a Court allows amendment of a non-diverse party, the court should scrutinize the amendment more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Justice requires that the district court "consider a number of factors to balance the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id.* Specifically, the court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment,

3

(3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factor bearing on the equities. *Id.* The Court should balance the equities "with input from the defendant." *Id.*

Since the Court did not previously consider whether the amendment was proper, the Court will now scrutinize the amendment more closely. The Court finds that the amendment is proper. Plaintiff amended her complaint after defendants Bambino and Erie asserted in their answer that the action was caused by the negligence of a third party, Joseph. (R. Doc. 5, Answer at ¶9). Thus plaintiff did not seek amendment to defeat jurisdiction, but rather, to add a party who may also be liable for the accident. Plaintiff will be significantly injured if the amendment is not allowed, because plaintiff would be forced to undergo the expense of pursuing Joseph in a separate action. Further, there is no evidence that plaintiff sought the amendment in an effort to delay the trial, and defendants did not oppose the joinder of Joseph as a party.

In her motion to remand, plaintiff contends that complete diversity no longer exists since she and Joseph are both domiciled in Louisiana. In a response filed on September 18, 2008, defendants asserted that the motion to remand was premature since the non-diverse defendant had not been served and the

4

record contained no evidence that Joseph was non-diverse. Defendants did not allege that the joinder of Joseph was improper. Joseph has since been served, and the address listed for Joseph on the summons is a Louisiana address. (R. Doc. 49). Defendants have offered no evidence to show that Joseph is not domiciled in Louisiana. Because the addition of Joseph destroyed the complete diversity of the parties, the Court no longer has subject matter jurisdiction. *See* 28 U.S.C. § 1332. Accordingly, the Court must remand the case to state court.

### III. Conclusion

For the foregoing reasons, the Court GRANTS plaintiff's motion and REMANDS the above-captioned matter to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 25th day of November, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE